NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. JOHNSON,<br><br>　　　　　Petitioner,<br>　vs.<br><br>KATHY PROSPER, Warden,<br><br>　　　　　Respondent. | No. C 07-2574 JF (PR)<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE<br><br><br>(Docket No. 2) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion to proceed in forma pauperis. The Court will GRANT Petitioner's motion to proceed in forma pauperis (docket no. 2) and order Respondent to show cause why the petition should not be granted.

**STATEMENT**

A Santa Clara Superior Court jury convicted Petitioner of first degree burglary (Cal. Penal Code §§ 459, 460), robbery within an inhabited dwelling (Cal. Penal Code § 213(a)(1)(A)), false imprisonment (Cal. Penal Code §§ 236, 237), and using a firearm in the commission of the offense (Cal. Penal Code § 12022(b)(1)(a)). Petitioner was sentenced to a term of twenty-one years in state prison. Petitioner appealed his

1 conviction. The state appellate court affirmed the judgment in 2005. The state supreme
2 court denied a petition for review in 2006. The instant federal habeas petition was filed
3 on May 15, 2007.

## DISCUSSION

A. <u>Standard of Review</u>

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B. <u>Petitioner's Claims</u>

Petitioner alleges the following claims for federal habeas relief: (1) the introduction of hearsay evidence of the victim's account of a prior robbery denied him his rights under the Sixth and Fourteenth Amendments; (2) the introduction of his oral and written statements which were involuntary and obtained in violation of <u>Miranda</u>[1] violated the Fifth and Fourteenth Amendments; (3) he was denied his Fourteenth Amendment right to a fair trial by the improper admission of irrelevant and prejudicial evidence; and (4) failure to give instructions on uncharged conspiracy and on the right of each Defendant to a separate determination of guilt deprived him of his rights under the Sixth and Fourteenth Amendments. Liberally construed, Petitioner's claims are sufficient to require a response. The Court orders Respondent to show cause why the petition should not be granted.

\\\
\\\

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

**CONCLUSION**

1. Petitioner's motion to proceed in forma pauperis (docket no. 2) is GRANTED.

2. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving a copy on Respondent within **thirty days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent <u>shall</u> file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." Petitioner must comply with the Court's orders in a timely fashion.

\\\
\\\
\\\

Order Granting Motion to Proceed in Forma Pauperis; Order to Show Cause
P:\pro-se\sj.jf\hc.07\Johnson574ifposc    3

1  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
2  to Federal Rule of Civil Procedure 41(b).
3      IT IS SO ORDERED.
4  DATED: 9/19/07
        JEREMY FOGEL
5      United States District Judge

1  A copy of this order was mailed to the following:

2

3  James E. Johnson
   V-20792/L5-207
4  California Correctional Center
   P.O. Box 2210
5  Susanville, CA  96127

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Motion to Proceed in Forma Pauperis; Order to Show Cause
P:\pro-se\sj.jf\hc.07\Johnson574ifposc            5